UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-10-12
```

LATRICE DARLENE SHEPHERD,

       Plaintiff,

-v-

BCBG MAX AZRIA,

       Defendant.

No. 11 Civ. 7634 (RJS) (AJP)
ORDER ADOPTING REPORT
AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

  *Pro se* Plaintiff Latrice Darlene Shepherd brings this action against Defendant BCBG Max Azria Group, Inc., s/h/a BCBG Max Azria, alleging violations of Title VII, 42 U.S.C. §§ 2000e, *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290–97, and the New York City Human Rights Law (the "NYCHRL"), N.Y. City Admin. Code §§ 8-101–131. Before the Court are the Report and Recommendation of the Honorable Andrew J. Peck, Magistrate Judge, dated October 11, 2012 (the "Report"), recommending that the Court grant Defendant's motion for summary judgment. For the reasons that follow, the Court adopts the Report in its entirety and grants Defendant's motion, dismissing Plaintiff's Title VII claims with prejudice and dismissing Plaintiff's NYSHRL and NYCHRL claims without prejudice.

## I. Background[1]

On June 27, 2011, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and on August 2, 2011, she received her EEOC Notice of Right to Sue letter. Plaintiff initiated the instant action on October 25, 2011 by filing her Complaint, alleging violations for discrimination, a hostile work environment, and retaliation, pursuant to Title VII, the NYSHRL, and the NYCHRL. (Doc. No. 2.) By Order dated February 24, 2012, this case was referred to Judge Peck for general pretrial administration and dispositive motions. (Doc. No. 10.) Defendant answered the Complaint on March 1, 2012 (Doc. No. 12), and on June 6, 2012, with leave of the Court (Doc. No. 32 at 6), Defendant filed an Amended Answer and Counterclaim, seeking damages under California Penal Code section 632 for statutory damages arising from Plaintiff's allegedly illegal recording of her conversation with Carla M. Macias, Defendant's Director of Human Resources, Retail Division (Doc. No. 19).

On July 9, 2012, Defendant filed its motion for summary judgment on each of Plaintiff's claims. (Doc. No. 25.) The motion was fully submitted as of August 27, 2012. (Doc. Nos. 37, 38.) On October 11, 2012, Judge Peck issued the Report, in which he recommended that the Court grant Defendant's motion.[2] On October 25, 2012, the Court received the attached letter from Plaintiff, dated October 24, 2012 (the "October 24 Letter"), representing her self-styled "appeal in part" from the Report. In her letter, Plaintiff indicates that "although [she] do[es] not

---

[1] The Court assumes the parties' full familiarity with the facts of this case.

[2] Specifically, Judge Peck recommended in the "Conclusion" section of his Report that the Court dismiss Plaintiff's "discrimination and Title VII retaliation claims . . . with prejudice" and "NYSHRL and NYCHRL retaliation claims without prejudice." (Doc. No. 40 at 57.) However, it is clear from the remainder of the Report, and neither party suggests otherwise, that Judge Peck recommended that the Court dismiss with prejudice Plaintiff's discrimination, retaliation, *and* a hostile work environment Title VII claims and that it dismiss without prejudice *each* of Plaintiff's claims asserted under the NYSHRL and the NYCHRL. (*Id.* at 32–56.) Therefore, the Court modifies Judge Peck's stated recommendation in his "Conclusion" section only so as to fully reflect his actual recommendation, as indicated by his analysis in the remainder of the Report.

object to the dismissal of [her] federal claims with prejudice, the basis of the dismissal appears unfair" because "[a] dismissal render[ed] with prejudice is of a punitive nature." Plaintiff states that she "only ask[s] that dismissal of [her] federal claims with prejudice be deemed payment for [her] alleged violation" of California Penal Code section 632, which forms the basis of Defendant's counterclaim, and "concedes[s]" to dismissal of her federal claims with prejudice only "as payment in full on [Defendant's counterclaim]." Although Plaintiff addressed her letter to Judge Peck, the Court considers the letter to be Plaintiff's timely objection to the Report. On November 7, 2012, the Court received the attached written submission from Defendant, dated November 5, 2012, requesting that the Court reject Plaintiff's objection and adopt the Report in its entirety.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a report and recommendation, the court must undertake a *de novo* review "'of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (quoting *see* 28 U.S.C. § 636(b)(1)). However, where objections are "conclusory or general," or where the party "simply reiterates [her] original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at

*1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

### III. DISCUSSION

As noted above, Plaintiff indicates in her October 24 Letter that "[a]lthough [she] do[es] not object to the dismissal of [her] federal claims with prejudice, the basis of the dismissal appears unfair" because "[a] dismissal render[ed] with prejudice is of a punitive nature." As an initial matter, given Plaintiff's representations that she "do[es] not object," it is not altogether clear whether she is challenging the dismissal of her Title VII claims at all. However, read as a whole, Plaintiff's October 24 Letter seems to indicate that Plaintiff objects to the Report only insofar as it did not recommend dismissing Defendant's counterclaim, which was not subject to Defendant's motion for summary judgment and which Judge Peck did not address in his Report. To the extent that Plaintiff objects to the Report only to the extent that she wishes the Court to broker a settlement agreement between the parties in which she accepts the Report in exchange for a dismissal of Defendant's counterclaim, the Court notes that such an objection is insufficient to justify *de novo* review for the simple reason that nowhere in her letter does Plaintiff object to, let alone discuss, Judge Peck's *reasons* for recommending a dismissal of her federal claims with prejudice.

Accordingly, because Plaintiff fails to set forth specific objections to Judge Peck's findings in the Report, the Court reviews the Report, in light of Plaintiff's objection, for clear error. *See Walker*, 216 F. Supp. 2d at 292; *Cartagena*, 2008 WL 2169659, at *1. Upon reviewing the record, the Court finds that Judge Peck's careful and well-reasoned Report is not facially erroneous.

Moreover, even if the Court were to review *de novo* Judge Peck's recommendation that Plaintiff's Title VII claims be dismissed "with prejudice," the Court would find no error.

4

Because Judge Peck reached the merits of Plaintiff's Title VII claims for discrimination and a hostile work environment, he did not err in recommending dismissal of those claims "with prejudice," particularly given that discovery had closed and Judge Peck had examined the entirety of the record created by the parties. *See, e.g.*, *Myrieckes v. Woods*, No. 08 Civ. 4297 (GBD) (THK), 2009 WL 884561, at *1–2 (S.D.N.Y. Mar. 31, 2009) (adopting, over objections, report recommending that the court grant motion for summary judgment with prejudice); *Frankel v. City of New York*, No. 06 Civ. 5450, 07 Civ. 3436 (LTS) (DFE), 2009 WL 465645, at *1, 4 (S.D.N.Y. Feb. 25, 2009) (same). Moreover, the Court finds that Judge Peck did not err in recommending that Plaintiff's Title VII claim for retaliation be dismissed with prejudice because Plaintiff failed to exhaust her administrative remedies with respect to that claim and the "time for curing this defect has now expired." *Moguel v. Covenant House/New York*, No. 03 Civ. 3018 (RWS), 2004 WL 2181084, at *8 (S.D.N.Y. Sept. 29, 2004); *see Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII . . . , a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts."); *cf. Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (explaining that dismissal with prejudice is the proper result where a plaintiff failed to pursue administrative remedies while they were available).

IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court adopts the Report in its entirety and, for the reasons set forth therein, grants Defendant's summary judgment motion, dismissing with prejudice Plaintiff's Title VII claims for discrimination, a hostile work environment, and retaliation and dismissing without prejudice Plaintiff's NYSHRL and the NYCHRL claims.

Because Defendant did not move for summary judgment on its counterclaim, IT IS HEREBY ORDERED that Defendant shall submit a letter, no later than December 21, 2012,

(1) indicating, in light of the fact that no federal claims remain in this suit, whether the Court retains jurisdiction over the counterclaim, and (2) proposing next steps in this suit.

SO ORDERED.

DATED:	December 10, 2012
	New York, New York

	_____
	RICHARD J. SULLIVAN
	UNITED STATES DISTRICT JUDGE

RECEIVED
OCT 25 2012

October 24, 20012


To clerk - Archived + Process objections under 28 USC § 636 AP

IN THE MATTER OF THE APPEAL OF LATRICE SHEPHERDRD V. BCBG MAX AZRIA:
11 Cv. 7634 (RJS)(AJP)

Dear Justice Peck:

Please regard this document as my appeal in part from the Memorandum and Order of Magistrate Peck.

From the outset, that only part of the decision at this time that I take issue with is the manner in which my federal claims were dismissed with prejudice. Which is to say that although I do not object to the dismissal of my federal claims with prejudice, the basis of the dismissal appears unfair. A dismissal render with prejudice is of a punitive nature. As a pro se litigant I should not be punished for pursuing to the best of my pro se ability a cause of action with the law permits me to do.

Since BCBG sought to have my case dismissed because of a record that I made, it would have been justice for the court to at least dismiss my federal claims with prejudice as a payment for the alleged illegal recording and then decline to exercise jurisdiction over my state claims.

I only ask that the dismissal of my federal claims with prejudice be deemed payment for my alleged violation related to the defendants claim that I made an illegal record so that I do not have to pay twice for the same thing. Defendants did seek dismissal on that ground so I concede only to the dismissal of my federal claims with prejudice as payment in full on the defendants' cross claim.

Sincerely,

Latrice Shepherd

CC: Littler Mendelson
900 3rd Ave.
New York, NY 10022



Littler Mendelson, P.C.
900 Third Avenue
New York, New York 10022.3298

Eric A. Savage
212.583.2695 direct
212.583.9600 main
973.215.2620 fax
esavage@littler.com

November 5, 2012

**VIA FEDERAL EXPRESS**

Hon. Richard J. Sullivan, U.S.D.J.
United States Court House
500 Pearl Street
New York, NY 10007

Re: *Shepherd v. BCBG Max Azria*
     Civil Action No. 11-7634 (RJS)(AJP)

Dear Judge Sullivan:

We represent the Defendant BCBG Max Azria ("BCBG") in the above action. We write in response to a letter filed by Plaintiff Latrice Shepherd on October 24, 2012 (the "Letter") that she represents as her "appeal in part" from the Report and Recommendation of Magistrate Judge Andrew J. Peck dated October 11, 2012.

In his Report and Recommendation, Magistrate Judge Peck ruled that that BCBG's summary judgment motion should be granted. Specifically, he determined that Plaintiff's discrimination, hostile work environment, and retaliation Title VII claims should be dismissed with prejudice, and that the claims she asserted under the New York State Human Rights Law and the New York City Human Rights Law should be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), both parties were given fourteen (14) days to file written objections to the Report and Recommendation. Plaintiff's Letter appears to constitute her objection to which BCBG responds through this letter.

Plaintiff's objection takes issue with the manner in which the federal claims were dismissed with prejudice and is asking that the dismissal of her federal claims be "deemed payment for [her] alleged violation" of California Penal Code § 632 which prohibits the recording of any confidential conversation unless all parties consent to the recording. As the Court will note from our moving brief (pages 27-29), Plaintiff admitted during her deposition on May 30, 2012, that she had recorded a conversation with Carla Macias, Director of Human Resources, Retail Division for BCBG. Plaintiff conceded that although she understood that Ms. Macias was in California at the time of the call, Plaintiff did not notify Ms. Macias that she was taping the call and did not seek her consent to do so. On June 6, 2012, and with leave of the Court, we filed a Counterclaim seeking damages under California Penal Code § 632 for statutory damages arising out of Plaintiff's violation of the statute. BCBG argued in its motion that if it had become aware of the violation during Plaintiff's employment, it would have terminated Plaintiff immediately.

Hon. Richard J. Sullivan, U.S.D.J.
November 5, 2012
Page 2

As we understand Plaintiff's letter, Plaintiff is not challenging the dismissal of her federal discrimination claim. Instead, and in an argument being advanced for the first time at this late stage of the motion proceedings, she is stating that she "concede[s] only to the dismissal of my federal claims with prejudice as payment in full on the defendant's cross claim."

This argument borders on the bizarre and has no place in the proceedings on the motion. Magistrate Judge Peck did not address the counterclaim in his Report and Recommendation or consider the after-acquired evidence argument that BCBG made in the motion. (See Report, n. 41) As a result, there is nothing for the Court to consider on this issue.

Instead, it appears that Plaintiff is trying to use the objection process to broker a settlement under which she will accept the Report and Recommendation in exchange for a dismissal of BCBG's claims under the California Penal Code. Filing an objection to the Report and Recommendation is not the proper means of negotiating a settlement. If Plaintiff wishes to settle the counterclaim and all aspects of her claims against BCBG, she can and should contact us directly to discuss a resolution of the entire matter. The Court need not have any involvement in these discussions.

Plaintiff has failed to identify any fault in the legal or factual analysis of Magistrate Judge Peck's Report and Recommendation or offer any reason why the Report should not be adopted as the final decision of the Court. We request that the Report be so adopted and that Plaintiff's objections be rejected in full.

Respectfully submitted,

*E A Savage*

Eric A. Savage

EAS/MJM

cc: Magistrate Judge Andrew J. Peck (via Regular Mail)
    Ms. Latrice Shepherd (via email to latriceshepherd@gmail.com)